Gabriel **FODELMESI**, et al., Plaintiffs,

v.

**James S. SCHEPPLERLY,**
et al., Defendants.

No. 87 Civil 6762 (JSR).

United States District Court,
S.D. New York.

Oct. 31, 1996.

Arthur G. Nevins, Jr., New York City, for Plaintiffs.

James P. Harris, McCarl & Harris, Circleville, NY, for Dft. Fishkill, DiGiorgio.

Michael Popkin, N.Y.S. Attorney General, New York City, for N.Y.S. Defendants.

Timothy Coon, Bleakley, Platt & Schmidt, White Plains, NY, for Dutchess Cty. Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

After a jury found for defendants in this § 1983 case, plaintiffs appealed and now seek leave to proceed in forma pauperis. In essence, plaintiffs' counsel, who took this case on a contingency, alleges that he has not been reimbursed by his clients for considerable out-of-pocket expenses incurred over the course of this protracted litigation and that there is no reasonable expectation that his client can reimburse the further expenses attendant on this appeal, notably the costs of the trial transcripts. Defendants, however, oppose the in forma pauperis application on several grounds. First, they contend that plaintiffs' appeal issues are frivolous. Second, they contest the claim of plaintiffs' indigence, pointing to trial testimony that two of the three plaintiffs are employed and challenging the adequacy of the proof that plaintiffs have no further equity in their home. Finally, defendants argue that the same "marketplace" considerations that determine whether counsel is willing to go forward with a contingency lawsuit at the trial level should operate on appeal, and if counsel believes that the merits of the appeal do not warrant his advancing expenses, that determination should not be artificially disturbed through payment of those expenses by the state.

In response to the latter argument, plaintiffs' counsel argues that there is no legal authority holding that an otherwise qualified indigent appellant is not entitled to in forma pauperis treatment simply because he has a contingency arrangement with his counsel; rather, he says, the proper approach is to grant the in forma pauperis application conditioned upon plaintiffs' repayment of any costs thereby borne by the state if plaintiffs thereafter prevail and realize a recovery in the litigation. Plaintiffs' counsel further argues that whatever might make sense in other contingency situations, a § 1983 action implicates important policy concerns that favor easing the path to appeal. Defendants respond that, on the contrary, sound policy should weigh against permitting § 1983 plaintiffs whose lawsuits have been found deficient at the trial level to continue to pursue dubious appeals at public expense.

On balance, the Court is persuaded that an in forma pauperis application ordinarily should not be granted in a contingency fee context. *Cf. Thompson v. Crest Park Nursing Home,* 1990 WL 205825, at *1 (N.D.Ill.1990); *but cf., Flowers v. Turbine Support Div.,* 507 F.2d 1242, 1245 (5th Cir. 1975). However, there are unique aspects to this particular case that weigh toward making it an exception to this putative rule. For example, while it took more than eight years to bring this case to trial, some of the delay can fairly be attributed to its repeated transfer from judge to judge and even from one courthouse to another—transfers for which plaintiffs and their counsel bear no responsibility and yet which resulted in increased out-of-pocket expenses that plaintiffs' counsel reasonably may not have foreseen when he undertook the representation, thus making his reluctance to proceed further to advance out-of-pocket expenses something of a special case. Yet the very multiplicity and protracted nature of the prior proceedings make it unrealistic to assume that plaintiffs could readily obtain new counsel who could adequately represent them on appeal, on a contingency basis or otherwise.

As to defendants' other objections, while the Court is frankly dubious about the merits of the legal points plaintiffs' counsel states he will raise on appeal, nevertheless, given the many interim decisions of numerous judges in this matter, this is an inappropriate case to deny in forma pauperis treatment simply on the grounds of frivolousness. Finally, although plaintiffs' proof of indigency is less than perfect, the Court's own evaluation of the trial testimony regarding plaintiffs' finances convinces the Court that they would have material difficulties advancing the costs of their appeal.

Accordingly, the Court will grant leave for the appeal to proceed in forma pauperis, subject to the requirement that, in the event that plaintiffs or their counsel realize any monetary reward or recompense of any kind in connection with this litigation, they will be required to reimburse whatever costs were paid by the public pursuant to this grant. Plaintiffs' counsel should promptly prepare a proposed order reflecting these terms and submit it to the Court and defendants' counsel for review.

SO ORDERED.